UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YANCEY LAMARR WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1878 DDN |
| ) | |
| STEVE LARKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The motion will be denied.

Title 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the United States Case Party Index shows that plaintiff has previously incurred three "strikes" under § 1915(g). In *White v. Officer*, 3:08CV220 MJR (S.D. Ill.), plaintiff brought an action, while he was incarcerated and in which he was permitted to proceed in forma pauperis, that was dismissed as legally frivolous. In *White v. Wells Fargo*, 3:08CV221 MJR (S.D. Ill.), plaintiff brought an

action, while he was incarcerated, that was dismissed as legally frivolous.[1] In *White v. City of St. Louis*, 4:10CV1842 HEA (E.D. Mo.), plaintiff brought an action, while he was incarcerated and in which he was permitted to proceed in forma pauperis, that was dismissed as either legally frivolous or for failure to state a claim upon which relief can be granted, or both. In each of these actions, plaintiff either failed to appeal or the decision was affirmed on appeal. Moreover, the Court has reviewed the instant complaint and finds no indication that plaintiff is in imminent danger of serious physical injury. As a result, the Court will dismiss this action without prejudice to refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **DENIED**.

---

[1] The Court notes that in the order dismissing the *Wells Fargo* action the court stated, "this action *should* be counted as one of [plaintiff's] three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), but at this time the Court will *not* assess the strike." The Court further notes that the *Wells Fargo* court never ruled plaintiff's motion to proceed in forma pauperis in that case, but it did allow plaintiff to proceed without payment of the filing fee.

The *Wells Fargo* court's statement that it would not assess a "strike" against plaintiff has no legal effect. A district court has no authority to assess or not to assess "strikes" under § 1915(g). Rather, a case becomes a strike only if the case is dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted *and* the decision is either affirmed on appeal or plaintiff does not take an appeal. For this reason, this Court finds that, under the plain language of § 1915(g), the *Wells Fargo* case counts as a "strike."

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 9th day of November, 2011.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE